**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 13-24002-Civ-WILLIAMS**

BARBARA HERNANDEZ,

Plaintiff,

vs.

AMERICAN FEDERATION OF POLICE, INC.,
SOUTHERN SECURITY & INVESTIGATION, INC.,
SOUTH FLORIDA SECURITY & CONSULTANT
SERVICES, INC. and ROBERTO TORRES,

Defendants.
_____________________________/

**ORDER DENYING MOTION TO DISMISS AND FOR MORE DEFINITE STATEMENT**

This **MATTER** is before the Court on Defendants' Motion to Dismiss or for More Definite Statement [D.E. 13]. Plaintiff has filed a Response [D.E. 14].

Plaintiff's Complaint asserts four counts for failure to pay wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), one count for retaliatory discharge pursuant to 29 U.S.C. § 215(a)(3), and one count for breach of contract. Defendants argue that the Complaint should be dismissed in its entirety because it "fails to state a cause of action" and "the allegations in the Complaint do not raise above the speculative level." [D.E. 13 at 18]. However, in support of their arguments, Defendants rely on documents outside the Complaint to raise several factual issues.[1] Addressing

[1] For example, Defendants cite (1) a letter from a Certified Public Accountant to establish that Defendant American Federation of Police, Inc. has never generated profits or had employees; (2) an affidavit from Defendant Torres to demonstrate that "the expense associated with Federation activities are paid for mainly by R. Torres"; and (3) an affidavit from the sole officer of

these issues now would require the Court to make factual determinations that are inappropriate at the motion to dismiss stage. When considering a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations in the complaint. *See GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993). All factual allegations are accepted as true and all reasonable inferences are drawn in the plaintiff's favor. *See Speaker v. U.S. Dep't. of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010); *see also Roberts v. Fla. Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998). Consequently, Defendants' arguments must be rejected at this stage of the litigation and the Motion to Dismiss [D.E. 13] is **DENIED**.

Defendants' Motion for More Definite Statement [D.E. 13] is also **DENIED**. The Complaint is adequately pled and provides Defendants with sufficient notice to proceed.

**DONE AND ORDERED** in Chambers, at Miami, Florida, this 7th day of March, 2014.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

---

Southern Security & Consultant Services, Inc. to show that "Hernandez never visited the corporate office of Southern Security." [D.E. 13; D.E. 13-1; D.E. 13-2; D.E. 13-3].